FILED
JUN 1 0 2020
CAROLINE M. WEAVER
DELAWARE CO. COURT CLERK
MC

# IN THE DISTRICT COURT OF DELAWARE COUNTY
# STATE OF OKLAHOMA

| | |
|---|---|
| NATHAN JACK DANIELS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  CJ-2020-99 |
| | ) |
| BOARD OF COUNTY | ) |
| COMMISSIONERS OF THE COUNTY | ) |
| OF DELAWARE; | ) |
| HARLAN MOORE, in his official | ) |
| capacity; | ) |
| and | ) |
| TERRY HIBBERT, individually; and in | ) |
| his official capacity, | ) |
| | ) |
| Defendants. | ) |

## **PETITION**

COMES NOW the Plaintiff Nathan Jack Daniels (Plaintiff) and hereby submits his Petition in the above matter. In support thereof, Plaintiff alleges and states as follows:

1.  The events giving rise to this lawsuit occurred in Delaware County, Oklahoma; specifically, at the Delaware County Jail.

2.  This is a civil rights action under 42 U.S.C. § 1983 (1983) resulting from events that happened during the pre-trial detention of Plaintiff at the Delaware County Jail, in Grove, Oklahoma.

1

EXHIBIT 2

3.  The events that gave rise to this Petition culminated in Plaintiff being tased unlawfully in violation of Plaintiff's rights under the Fourteenth Amendment to the United States Constitution.

4.  Plaintiff was incarcerated at the Delaware County Jail as a pre-trial detainee on and off from July of 2018 until September 11, 2019. Plaintiff currently resides at J.H. Lilley Correctional Center in Boley, Oklahoma.

5.  That Defendant Harlan Moore is currently the Delaware County Sheriff and was employed as the Delaware County Sheriff at all material times herein. Under 19 O.S. § 161 Harlan Moore is a "County Officer."

6.  That Defendant Terry Hibbert was the jail administrator of the Delaware County Jail at all material times herein and under 19 O.S. § 161 is a "County Officer."

7.  Under 19 O.S. § 4, the Board of County Commissioners of the County of Delaware (Board) is the governing body for Delaware County public officials and is the proper party to be sued for claims against County officials not within the purview of 19 O.S. § 161. The Board is named for the conduct of the Defendants amounting to an unconstitutional policy as specified below. To the extent applicable law precludes naming the Board as a party then such claims exist as to the individual Defendants in their official capacity.

8.  Defendants are state actors and were acting under color or law.

9. In July of 2019[1] Plaintiff's toilet needed to be snaked and when employees of Delaware County Jail did not snake the toilet Plaintiff attempted to fix it and it overflowed.

10. Defendant Hibbert then went to Plaintiff's jail cell and from his bean hole pointed a taser at him and told him to put his hands up. Plaintiff complied with Hibbert's unlawful request and Hibbert opened the cell and told Plaintiff to lay face down in the overflowed toilet water. However, Plaintiff did not comply with this unlawful command.

11. Hibbert with the help of three other deputies took Plaintiff to the ground, pushed his face in the toilet water and handcuffed Plaintiff. Hibbert and the deputies escorted Plaintiff out of his cell. Plaintiff heard Hibbert yell "clear" and Plaintiff was tased in the back and Plaintiff fell forward striking his head on the floor.

12. Plaintiff fell face first and sustained a head injury and eight (8) stitches.

13. The Fourteenth Amendment applies to excessive force claims brought by pretrial detainees. Specifically, the Supreme Court has held, "[i]t is clear ... that the Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment." *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989). More recently, in *Kingsley v. Hendrickson*, 576 U.S. ___, 135 S. Ct. 2466, 2472 (2015), the Supreme Court held that to prove an excessive force claim

---

[1] Upon information and belief, the month Plaintiff was tased was July of 2019. To the extent it occured on a different month, Plaintiff amends his pleadings to conform to the evidence pursuant 12 O.S. § 2015(B).

3

EXHIBIT 2

under the Fourteenth Amendment, a pretrial detainee must show that the officers' use of force was "objectively" unreasonable; the detainee is not required to show that the officers were "subjectively" aware that their use of force was unreasonable. No matter which standard is applicable, Defendants violated it.

14.   During the encounter referenced above, Hibbert engaged in excessive force.

15.   All Defendants were employed by Delaware County Sheriff's Office and/or the Board. The Board and the Delaware County Sheriff's Office are political subdivisions and municipal corporations pursuant to Oklahoma law.

16.   That official and municipal liability exists based on the unlawful policy of Moore and the Board. Specifically, Hibbert is allowed to run the jail with unfettered discretion. Additionally, Moore failed to supervise his inferiors to prevent the unlawful tasing that was occurring at the Delaware County Jail to Plaintiff and other inmates as well. Moore failed to train his inferiors over the proper and permissible uses of force. Harlan Moore as the Delaware County Sheriff has a statutory duty under Title 57 to maintain the jail in a lawful manner. Further, Moore's failure to supervise and inadequate training has recently been the subject of criminal filings in Delaware County Case CF-2020-14A and B, wherein two Delaware County jailers are accused of unlawfully tasing inmates. Neither jailer is a party in this action but the lack of oversight, training and conscious disregard of inmate safety permeates Delaware County Jail. Further, employees are tacitly encouraged to tase the inmates to establish rapport or

EXHIBIT 2

exert control over the inmates. Moreover, the County and Moore failed to train the Delaware County Jail employees. Such conduct amounts to municipal and official liability because 1) the conduct created an informal custom amounting to a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law;decisions of employees with final policymaking authority; 2) such conduct has been ratified by final policymakers, including Sheriff Harlan Moore and 3) the failure to adequately train or supervise employees which created the unlawful conduct upon Plaintiff.

17. That pursuant to 1983 injunctive relief should issue to prohibit Moore and Board from authorizing the use of taser without proper training on its use as well as mandatory use of force report prepared.

18. Additionally and alternatively, Hibbert committed assault and battery upon Plaintiff under the laws of Oklahoma and such conduct was willful and malicious and outside the scope of employment.

19. As a result of the conduct of Defendants, Plaintiff has sustained actual damages in excess of $10,000.00.

20. Defendant Hibbert has acted with reckless disregard for the rights of Plaintiff and with conscious disregard of her federally secured rights and as such punitive damages in excess of $10,000.00 should be assessed against him.

21. Plaintiff should be reimbursed a reasonable award of attorney fees and costs.

EXHIBIT 2

WHEREFORE, Plaintiff respectfully requests an award of actual damages against all Defendants in excess of $10,000.00, an award of punitive damages against Defendant Hibbert, an award of attorney fees and costs against all Defendants, declaratory and injunctive relief and all other and further relief this Court deems proper.

_____
Brendan M. McHugh, OBA #18422
Attorney for Plaintiffs
P.O. Box 1392
Claremore, OK 74018
(918) 608-0111
Fax: (918) 803-4910
Email:Brendan@lawinok.com

and
Dana Jim, OBA #19495
P.O. Box 1011
Vinita, Oklahoma 74301
Tele: (918) 457-6626
Fax: (918) 517-3431
Email: danajimlaw@gmail.com
Co-Counsel for Plaintiffs

**JURY TRIAL DEMANDED**

**ATTORNEY LIEN CLAIMED**

EXHIBIT 2